# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WANDA VERNON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. 2:17-cv-08460-AFM<br><br>**MEMORANDUM OPINION AND ORDER REVERSING AND REMANDING DECISION OF THE COMMISSIONER** |

Plaintiff seeks review of the Commissioner's final decision denying her application for disability insurance benefits. In accordance with the Court's case management order, the parties have filed memorandum briefs addressing the merits of the disputed issues. This matter is now ready for decision.

## BACKGROUND

Plaintiff applied for disability insurance benefits in December 2013, alleging that she became disabled on February 2, 2013. Plaintiff's claim was denied initially and on reconsideration. (AR 77-85, 87-97.) A hearing was held before an Administrative Law Judge ("ALJ") on October 13, 2016, at which Plaintiff, her attorney, and a Vocational Expert ("VE") were present. (AR 34-75.) The ALJ issued

a decision on January 11, 2017, finding that Plaintiff suffered from the following severe impairments: diabetes mellitus and chronic venous insufficiency. He specifically considered whether Plaintiff's chronic venous insufficiency met Listing 4.11, and concluded that it did not. The ALJ determined that Plaintiff retained the RFC to perform a limited range of light work. (AR 23.) Relying on the testimony of the VE, the ALJ concluded that Plaintiff's RFC did not preclude her from performing her past relevant work as a disabled learning teacher or resource teacher. Accordingly, the ALJ determined that Plaintiff was not disabled from February 2, 2013 to the date of the ALJ's decision. (AR 28-29.) The Appeals Council denied review, thereby rendering the ALJ's decision the final decision of the Commissioner. (AR 1-7.)

## DISPUTED ISSUES[1]

1. Whether the ALJ erred by failing to set forth sufficient reasons for rejecting the opinion of treating physicians who diagnosed Plaintiff with Peripheral Vascular Disease and Iliac Stenosis.
2. Whether the ALJ properly evaluated Plaintiff's subjective complaints.
3. Whether the ALJ erred in assessing Plaintiff's RFC and concluding that she could perform her past relevant work.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v.*

---

[1] Plaintiff's "Statement of Disputed Issues" identifies the three issues set forth below. (ECF No. 17 at 2). At the same time, the Memorandum arguably presents several additional issues, the precise contours of which are not entirely clear. Because the Court concludes that remand is warranted with respect to one of the issues raised by Plaintiff, it need not address the existence, or merits, of any other claims.

2

*Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004) ("When evidence reasonably supports either confirming or reversing the ALJ's decision, [the court] may not substitute [its] judgment for that of the ALJ.").

## DISCUSSION

Plaintiff contends that the ALJ erred by failing to "identify" peripheral vascular disease ("PVD") and iliac stenosis and failing to provide clear and convincing reasons for rejecting her treating physician's opinion diagnosing PVD and iliac stenosis. (ECF No. 17 at 2-3.)

**1. The law**

The medical opinion of a claimant's treating physician is entitled to controlling weight so long as it is supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (quoting 20 C.F.R. § 404.1527(c)(2)). If a treating physician's medical opinion is uncontradicted, the ALJ may only reject it based on clear and convincing reasons. *Trevizo*, 871 F.3d at 675; *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). If a treating physician's opinion is contradicted, the ALJ must provide specific and legitimate reasons supported by substantial evidence in the record before rejecting it. *Trevizo*, 871 F.3d at 675; *Ghanim v. Colvin*, 763 F.3d 1154, 1160-1061 (9th Cir. 2014). The

ALJ can meet the requisite specific and legitimate standard "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Trevizo*, 871 F.3d at 675 (citations and internal quotation marks omitted). Further, even when a treating physician's opinion is not controlling, the ALJ should weigh it according to factors such as the nature, extent, and length of the physician-patient working relationship, the frequency of examinations, whether the physician's opinion is supported by and consistent with the record, and the specialization of the physician. *Trevizo*, 871 F.3d at 676. The failure to consider the relevant factors "alone constitutes reversible legal error." *Trevizo*, 871 F.3d at 676.

**2. Relevant Medical Evidence**

Plaintiff was referred to Slamak Barkhordarian, M.D. for a PVD evaluation in November 2015. (AR 514.) PVD was listed among the diagnoses included in Plaintiff's "Past Medical History." (AR 514.) After Dr. Barkhordarian examined Plaintiff and reviewed imaging studies, he diagnosed her with iliac artery stenosis with "PAD." (AR 514-516.) PAD – or Peripheral Arterial Disease – is a type of PVD. PAD refers to reduced blood flow through the arteries, while PVD refers to deficient blood flow through both arteries and veins.[2]

On February 24, 2016, Plaintiff underwent a vascular "duplex" study. The results showed severe stenosis of the left common iliac artery (greater than 75 percent) and suggested iliac artery occlusive disease. (AR 524.) On the same date, Plaintiff had a follow up appointment with Dr. Barkhordarian. After performing an examination and reviewing the imaging studies, Dr. Barkhordarian again diagnosed Plaintiff with bilateral iliac artery stenosis with PAD. (AR 517-519.) A

---

[2] *See* https://medlineplus.gov/peripheralarterialdisease.html; www.texasheart.org/heart-health/heart-information-center/topics/peripheral-vascular-disease.

4

September 17, 2016 duplex study likewise revealed severe left common iliac stenosis. (AR 525-529.)

### 3. The ALJ's Decision

As discussed above, the ALJ found that Plaintiff suffered from the severe impairments of diabetes mellitus and chronic venous insufficiency. In his decision, the also ALJ addressed evidence of more than a dozen other non-severe medically determinable impairments. (AR 21-23.) There is, however, no mention of peripheral arterial disease or the diagnosis of "iliac artery stenosis with PAD." Rather, the only discussion of any of the medical evidence related Dr. Barkhordarian's diagnosis is the following:

> Concerning the chronic venous insufficiency, a February 2016 progress note indicated that the claimant had iliac disease after complaining of intermittent leg pain. However, the progress note also reported that the claimant was experiencing no leg or foot pain and that she could ambulate without difficulty. In addition, it was noted that the claimant was neurologically intact, had intermittent leg pain that was not disabling and had no foot ulcers. The progress note also indicated that it was recommended that the claimant stop smoking and particulate in exercise and walking therapy. Yet, the claimant testified that she continues to smoke even though it prevented her from getting [a] leg operation and stint, which could remedy her conditions.

(AR 26 [citing AR 516-517, 525].)

### 4. Analysis

The ALJ's consideration of Dr. Barkhordarian's treatment is limited to his discussion of what the ALJ considered to be Plaintiff's severe impairment of chronic venous insufficiency. The evidentiary basis for the ALJ's finding that Plaintiff suffered from chronic venous insufficiency is not clear from his decision, and the Court has found no such diagnosis in the record. It appears that the ALJ reviewed

Dr. Barkhordarian's February 2016 treatment record and one of the imaging reports that Dr. Barkhordarian relied upon and, rather than analyze the impairment of bilateral iliac artery stenosis with PAD as diagnosed by Dr. Barkhordarian, reached his own diagnosis of a perhaps similar, but nevertheless distinct, impairment. There is no mention of Plaintiff's diagnosed impairment.

Furthermore, based upon the decision, it is not clear whether the ALJ recognized that Dr. Barkhordarian was a treating physician. Regarding the diagnosis of bilateral iliac stenosis with PAD, Dr. Barkhordarian's opinion appears to be uncontroverted. Even assuming it was controverted, the ALJ was required to provide specific and legitimate reasons supported by substantial evidence before rejecting it. The ALJ failed to do so.

The ALJ did not entirely "ignore" Dr. Barkhordarian because the decision does mention at least some of those records in the discussion of chronic venous insufficiency. Nevertheless, the ALJ effectively ignored the treating physician's opinion by failing to address the disease with which Plaintiff was diagnosed, namely iliac artery stenosis with PAD. The ALJ's failure to discuss, let alone offer reasons for rejecting, Dr. Barkhordarian's diagnosis of bilateral iliac artery stenosis with PAD constitutes legal error. *See Marsh v. Colvin*, 792 F.3d 1170, 1172-1173 (9th Cir. 2015) ("an ALJ cannot in its decision totally ignore a treating doctor and his or her notes, without even mentioning them"); *Ghanim*, 763 F.3d at 1161 (even if treating physician's opinion is contradicted, the ALJ "may not simply disregard it"); *Garrison v. Colvin*, 759 F.3d 995, 1012-1013 (9th Cir. 2014) ("Where an ALJ does not explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another, he errs."); *Lingenfelter*, 504 F.3d at 1038 n.10 (ALJ cannot avoid his obligation to discuss medical evidence by "simply not mentioning the treating physician's opinion and making findings contrary to it").

The Commissioner argues that "there is no evidence that Plaintiff even had peripheral vascular disease," and points out that the sonogram cited by Plaintiff

mentions PVD only in the "clinical indication" but not in the findings or impression. Further, according to the Commissioner, Dr. Barkhordarian did not include "PVD" among his diagnoses. (ECF No. 18 at 2-3.) The Commissioner's argument, however, is based upon an unjustifiably constrained reading of both Plaintiff's contentions and the medical record. As discussed above, PAD is a type of PVD. Although Plaintiff uses the broader term PVD, it is clear from both her arguments – for example, she insists that her impairment meets Listing 4.12 (Peripheral Arterial Disease) – and from the record, that her claim necessarily encompasses her diagnosis with PAD.

The Commissioner does not dispute that the record shows that Plaintiff suffered from "severe stenosis," but argues that there is no evidence that her condition was severe under the regulations. The Commissioner points out that Dr. Barkhordarian's notes reflect no claudication or pain in the legs, no difficulty walking, and no foot pain or ulcers. In addition, the Commissioner points out that among other things, Dr. Barkhordarian recommended that Plaintiff stop smoking and that she participate in exercise and walking therapy. (*See* AR 514-516, 518-519.) Essentially, the Commissioner argues that any error is harmless because Plaintiff's bilateral iliac stenosis with PAD did not cause significant functional limitations.

The Court finds the Commissioner's argument unpersuasive based on the current record. It is true that an ALJ's failure to properly evaluate a treating physician's opinion may be harmless error when a reviewing court "can confidently conclude that no reasonable ALJ, when fully crediting the [opinion], could have reached a different disability determination." *Marsh*, 792 F.3d at 1173 (citing *Stout v. Commissioner, Social Sec. Admin.*, 454 F.3d 1050, 1055-1056 (9th Cir. 2006)). The Court, however, cannot conclude as much here. To the contrary, if Dr. Barkhordarian's opinion and diagnosis were credited, it would affect the ALJ's analysis of whether Plaintiff's impairment met the applicable Listing and likely affect his evaluation of Plaintiff's subjective testimony. *See Marsh*, 792 F.3d at 1173 (remanding case where ALJ failed to mention treating physician opinion, explaining

1 | that even though "the district court gave persuasive reasons to determine harmlessness," the disability determination rests with the ALJ and the Commissioner, not the court); *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("Ever mindful of our duty not to substitute our own discretion for that of the agency, we have emphasized that 'the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court.'") (quoting *Marsh*, 792 F.3d at 1173).

**REMEDY**

Ninth Circuit case law "precludes a district court from remanding a case for an award of benefits unless certain prerequisites are met." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2016) (citations omitted). "The district court must first determine that the ALJ made a legal error, such as failing to provide legally sufficient reasons for rejecting evidence. . . . If the court finds such an error, it must next review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and all essential factual issues have been resolved." *Dominguez*, 808 F.3d at 407 (citation and internal quotation marks omitted).

Although the Court has found error as discussed above, the record on the whole is not fully developed and factual issues remain outstanding. The issues concerning Plaintiff's alleged disability "should be resolved through further proceedings on an open record before a proper disability determination can be made by the ALJ in the first instance." *See Brown-Hunter*, 806 F.3d at 496; *see also Treichler*, 775 F.3d at 1101 (remand for award of benefits is inappropriate where "there is conflicting evidence, and not all essential factual issues have been resolved") (citation omitted); *Strauss v. Comm'r of Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) (same where the record does not clearly demonstrate the claimant is disabled within the meaning of the Social Security Act).

Accordingly, the appropriate remedy is a remand for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Finally, it is not the Court's intent to limit the scope of the remand.

\*\*\*\*\*\*\*\*\*\*\*

IT IS THEREFORE ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this opinion.

DATED: 10/26/2018

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE